UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**NICHOLAS FITZGERALD,** on behalf of himself  and
all others similarly situated**,**

                          Plaintiff,

           -vs.-

**GANN LAW BOOKS, INC., GANN LEGAL
EDUCATION FOUNDATION, INC. AND MICHAEL
PROTZEL,**

                     Defendant.

**COMPLAINT**

**11 CV _____**

**Class Action**

**Jury Demanded**

Comes now Nicholas Fitzgerald, on behalf of himself and all others similarly situated, and alleges as follows:

1.      Nicholas Fitzgerald (hereinafter "Fitzgerald" or Plaintiff) is bringing this action against Gann Law Books, Inc. (hereinafter "Gann Law"), Gann Legal Education Foundation, Inc.  (hereinafter "Gann Education") and Michael Protzel (hereinafter "Protzel") (hereinafter collectively "Defendants") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "the TCPA"), the regulations promulgated thereunder and N.J.S.A. § 56:8-158. Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes.  Congress believed that unsolicited fax advertisements improperly shift advertising costs to the unwilling fax recipients and interfere with the use of fax machines by these recipients, who are consumers and businesses. New Jersey enacted N.J.S.A. § 56:8-158 for similar reasons.  In addition, regulations enacted pursuant to the TCPA prohibit the sending of solicited fax advertisements that do not contain the proper opt-out notice. Upon information and belief, Defendants have recently caused to be sent out thousands of unsolicited and solicited fax advertisements for goods

and/or services without the proper opt-out notices required by the TCPA and the regulations promulgated thereunder.  Therefore, Defendants are liable to Plaintiff and the proposed Class of similarly situated persons under the TCPA.

## JURISDICTION AND VENUE

2.      This Court has federal question jurisdiction over this action under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

3.      This Court also has diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because, upon information and belief, the matter in controversy concerning the TCPA exceeds the sum or value of $5,000,000, exclusive of interest and costs, involves thousands of class members and is a class action in which at least one member of the class is a citizen of a state different from at least one of the Defendants.

4.      This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's and one of the classes' claims under N.J.S.A. §§ 56:8-158, 56:8-159.

5.      Venue is this judicial district is also proper under 28 U.S.C. §§ 1391(a)(2), 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred.

## THE PARTIES

6.      Nicholas Fitzgerald is a New Jersey resident who resides and works in Jersey City, New Jersey.

7.      Upon information and belief, Gann Law is a New Jersey Corporation with its principal place of business at 1 Washington Park, Suite 1500, Newark, New Jersey 07102.

8.      Upon information and belief, Gann Education is a New Jersey Corporation with its principal place of business at 1 Washington Park, Suite 1500, Newark, New Jersey 07102.

9.      Upon information and belief, Michael Protzel is a citizen and resident of New Jersey and the President of both Gann Law and Gann Education.

### DEFENDANT'S ILLEGAL ACTIONS

10.      Upon information and belief, on or about February 26, 2009, August 14, 2009, three separate times on August 15, 2009 and on April 8, 2011, Defendants, without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send unsolicited fax advertisements (hereinafter "the fax advertisements"), advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located in his office in Jersey City, New Jersey.  Copies of the fax advertisements are attached hereto as Exhibit A and are incorporated herein by reference.

11.      The fax advertisements attached hereto as Exhibit A were wholly unsolicited in that they were sent to Plaintiff by Defendants without Plaintiff's express invitation or permission.

12.      The first fax advertisement attached hereto as Exhibit A contains a purported opt-out notice that states: "To avoid receiving notices such as this one in the future, send an email to optout@gannlaw.com.  Please include your name and fax number."  The next four of the fax advertisements attached hereto as Exhibit A contain a purported opt-out notice that states: "To avoid receiving notices such as this one in the future, send an email to optout@gannlaw.com. Please include the name, email address and fax number of the person(s) wishing to opt-out."  The last of the fax advertisements attached hereto as Exhibit A does not contain any description whatsoever on how to opt-out of receiving fax advertisements from Defendants.

13.      The purported opt-out notices on all of the fax advertisements attached hereto as Exhibit A, (i) do not provide a domestic contact telephone and facsimile machine number for the recipient to transmit an opt-out request to the sender; (ii) do not state that that failure to comply,

within the shortest reasonable time, as determined by the Federal Communications Commission, with such a request is unlawful; and (iii) do not state that such a request will only be effective if the person making the request does not, subsequent to such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at his or her telephone facsimile machine.  Accordingly, these purported opt-out notices do not satisfy the requirements of 47 U.S.C. § 227(b)(2)(D).

14.     The purported opt-out notices on all of the fax advertisements attached hereto as Exhibit A, (i) do not provide a domestic contact telephone and facsimile machine number for the recipient to transmit an opt-out request to the sender;  (ii) do not state that that failure to comply, within 30 days, with such a request is unlawful; and (iii) do not state that such a request will only be effective if the person making the request does not, subsequent to such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at his or her telephone facsimile machine.  Accordingly, these purported opt-out notices do not satisfy the requirements of 47 C.F.R. § 64.1200 (a)(3)(iii).

15.     Upon information and belief, Defendants either negligently or willfully and/or knowingly arranged for and/or caused the fax advertisements to be sent to Plaintiff's fax machine.

16.     Upon information and belief, Defendants have, from four years prior to the date of the filing of the instant Complaint through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent thousands of unsolicited fax advertisements, advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons throughout the state of New Jersey and neighboring states.

17.     Upon information and belief, the facsimile advertisements described in the preceding paragraph contained purported opt-out notices, substantially similar or identical to those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain any opt-out notice at all.

18.     Upon information and belief, Defendant has, from four years prior to the date of the filing of the instant Complaint through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent thousands of unsolicited and/or solicited fax advertisements, advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons in New Jersey and neighboring states.

19.     Upon information and belief, the facsimile advertisements described in the preceding paragraph contained purported opt-out notices, substantially similar or identical to those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain any opt-out notice at all.

20.     Upon information and belief, Defendants have, from four years prior to the date of the filing of the instant complaint, sent or caused to be sent from New Jersey at least hundreds—if not thousands—of unsolicited facsimile advertisements and/or facsimile advertisements lacking the proper opt-out notice to Plaintiff and the Classes.

## THE FEDERAL STATUTE AND THE REGULATIONS THEREUNDER

21.     The Telephone Consumer Protection Act of 1991, Pub. L. 102-243, § 3(a), added Section 227 to Title 47 of the United States Code, 47 U.S.C. § 227.

22.     In pertinent part, 47 U.S.C. § 227(b) provides "[i]t shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within

the United States . . . to use any telephone facsimile machine, computer, or other device to send

an unsolicited advertisement to a telephone facsimile machine[.]"

      23.      In pertinent part, 47 C.F.R. § 64.1200(a), a regulation prescribed under 47 U.S.C.

§ 227(b) and effective as of December 20, 1992, provides that "No person may . . . [u]se a

telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a

telephone facsimile machine."

      24.      As used in both 47 U.S.C. § 227 and 47 C.F.R. § 64.1200, "[t]he term 'unsolicited

advertisement' means any material advertising the commercial availability or quality of any

property, goods, or services which is transmitted to any person without that person's prior

express invitation or permission." 47 U.S.C. § 227(a)(4); 47 C.F.R. § 64.1200(f)(5).

      25.      47 U.S.C. § 227(b)(1)(C)(iii) provides that it is unlawful to send an unsolicited

facsimile advertisement unless, among other things, the unsolicited facsimile advertisement

contains a notice meeting the requirements under 47 U.S.C. § 227(b)(2)(D).

      26.      47 U.S.C. § 227(b)(2)(D) provides that:

a notice contained in an unsolicited advertisement complies with the requirements
under this subparagraph only if--

(i) the notice is clear and conspicuous and on the first page of the unsolicited
advertisement;

(ii) the notice states that the recipient may make a request to the sender of the
unsolicited advertisement not to send any future unsolicited advertisements to a
telephone facsimile machine or machines and that failure to comply, within the
shortest reasonable time, as determined by the Commission, with such a request
meeting the requirements under subparagraph (E) is unlawful;

(iii) the notice sets forth the requirements for a request under subparagraph (E);
(iv) the notice includes--

(I) a domestic contact telephone and facsimile machine number for the recipient
to transmit such a request to the sender; and

(II) a cost-free mechanism for a recipient to transmit a request pursuant to such notice to the sender of the unsolicited advertisement; the Commission shall by rule require the sender to provide such a mechanism and may, in the discretion of the Commission and subject to such conditions as the Commission may prescribe, exempt certain classes of small business senders, but only if the Commission determines that the costs to such class are unduly burdensome given the revenues generated by such small businesses;

(v) the telephone and facsimile machine numbers and the cost-free mechanism set forth pursuant to clause (iv) permit an individual or business to make such a request at any time on any day of the week; and

(vi) the notice complies with the requirements of subsection (d) of [47 U.S.C. § 227].

27.      47 C.F.R. § 64.1200(a)(3) provides that no person or entity may:

Use a telephone facsimile machine, computer, or other device to send an unsolicited advertisement to a telephone facsimile machine, unless--:

                            *       *       *

(iii) The advertisement contains a notice that informs the recipient of the ability and means to avoid future unsolicited advertisements. A notice contained in an advertisement complies with the requirements under this paragraph only if--

(A) The notice is clear and conspicuous and on the first page of the advertisement;

(B) The notice states that the recipient may make a request to the sender of the advertisement not to send any future advertisements to a telephone facsimile machine or machines and that failure to comply, within 30 days, with such a request meeting the requirements under paragraph (a)(3)(v) of this section is unlawful;

(C) The notice sets forth the requirements for an opt-out request under paragraph (a)(3)(v) of this section;

(D) The notice includes--

(1) A domestic contact telephone number and facsimile machine number for the recipient to transmit such a request to the sender; and

(2) If neither the required telephone number nor facsimile machine number is a toll-free number, a separate cost-free mechanism including a Web site address or e-mail address, for a recipient to transmit a request pursuant to such notice to the

sender of the advertisement. A local telephone number also shall constitute a cost-free mechanism so long as recipients are local and will not incur any long distance or other separate charges for calls made to such number; and

(E) The telephone and facsimile numbers and cost-free mechanism identified in the notice must permit an individual or business to make an opt-out request 24 hours a day, 7 days a week.

28.     47 C.F.R. § 64.1200(a)(3)(iv) provides that "[a] facsimile advertisement that is sent to a recipient that has provided prior express invitation or permission to the sender must include an opt-out notice that complies with the requirements in paragraph (a)(3)(iii) of this section."

29.     Paragraph (3) of 47 U.S.C. § 227(b) provides:

(3) Private right of action

A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State --

(A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

(B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

(C) both such actions

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

(emphasis added).

30.     47 U.S.C. § 312(f)(1) provides that "[t]he term "willful", when used with reference to the commission or omission of any act, means the conscious and deliberate commission or omission of such act, irrespective of any intent to violate any provision of [the chapter under which 47 U.S.C § 227 falls] or any rule or regulation of the Commission

authorized by [the chapter under which 47 U.S.C § 227 falls] or by a treaty ratified by the United States."

## THE NEW JERSEY UNSOLICITED FAX STATUTE

31.     N.J.S.A. § 56:8-158(a) prohibits persons within New Jersey from using "any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine within this State."

## CLASS ALLEGATIONS

32.     Plaintiff brings this class action on behalf of itself and all others similarly situated under rules 23(a) and 23(b)(1)-23(b)(3) of the Federal Rules of Civil Procedure.

33.     Plaintiff seek to represent three classes of individuals defined as follows:

Class A:  All persons in the United States from four years prior to the date of the filing of the instant Complaint through the present to whom Defendants sent or caused to be sent, by facsimile, computer or other device, an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained purported opt-out notices, substantially similar or identical to those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain an opt-out notice at all.

Class B:  All persons in the United States from four years prior to the date of the filing of the instant Complaint through the present to whom Defendants sent or caused to be sent a facsimile advertisement, by facsimile, computer or other device, advertising the commercial availability or quality of any property, goods, or services, which contained purported opt-out notices, substantially similar or identical to those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain an opt-out notice at all.

Class C: All persons in the State of New Jersey from four years prior to the date

of the filing of the instant Complaint through the present to whom Defendants, from the state of New Jersey, sent or caused to be sent, by facsimile, computer or other device, an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained purported opt-out notices, substantially similar or identical to those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain an opt-out notice at all.

34.     Classes A, B and C are hereinafter referred to collectively as the Classes.

35.      Numerosity: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit both the parties and this Court.

36.     Upon information and belief there are, at a minimum, thousands of class members of Classes A and B and at least hundreds of class members of Class C.

37.     Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including, but not limited to Defendant's fax and marketing records.

38.      Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to this class and deemed necessary and/or appropriate by the Court.

39.     Typicality:  Plaintiff's claims are typical of the claims of the members of Class A. The claims of the Plaintiff and members of Class A are based on the same legal theories and arise from the same unlawful conduct.

40.     Plaintiff and members of Class A each received at least one fax advertisement,

which Defendants sent or caused to be sent by facsimile, computer or other device, without Plaintiff's and the members of Class A's express permission or invitation, advertising the commercial availability or quality of any property, goods, or services, which contained a purported opt-out notice, substantially similar or identical to one of those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain an opt-out notice at all.

41.    Plaintiff's claims are typical of the claims of the members of Class B. The claims of the Plaintiff and members of Class B are based on the same legal theories and arise from the same unlawful conduct.

42.    Plaintiff and members of Class B each received at least one fax advertisement, which Defendants sent or caused to be sent by facsimile, computer or other device, advertising the commercial availability or quality of any property, goods, or services, which contained a purported opt-out notice, substantially similar or identical to one of those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain an opt-out notice at all.

43.    Plaintiff's claims are typical of the claims of the members of Class C.  The claims of the Plaintiff and members of Class C are based on the same legal theories and arise from the same unlawful conduct.

44.    Plaintiff and members of Class C each received at least one fax advertisement, which Defendants sent or caused to be sent from New Jersey by facsimile, computer or other device, without Plaintiff's and the members of Class C's express permission or invitation, advertising the commercial availability or quality of any property, goods, or services, which contained a purported opt-out notice, substantially similar or identical to one of those contained

11

on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain an opt-out notice at all.

45.     Common Questions of Fact and Law:  There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

46.     The questions of fact and law common to Plaintiff and Class A predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of sending and/or causing to be sent to Plaintiff and the members of Class A, by facsimile, computer or other device, fax advertisements without Plaintiff's and members of class A's express invitation or permission, which advertised the commercial availability or quality of any property, goods, or services and which contained a purported opt-out notice, substantially similar or identical to one of those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain an opt-out notice at all, violated 47 U.S.C. § 227(b) and/or the regulations thereunder;

(b) Whether Defendants' conduct of sending and/or causing to be sent to Plaintiff and the members of Class A, , by facsimile, computer or other device, unsolicited fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which contained a purported opt-out notice, substantially similar or identical to one of those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain an opt-out notice at all, was knowing or willful;

(c) Whether Plaintiff and the members of Class A are entitled to statutory damages, triple damages and costs for Defendant's acts and conduct; and

(d) Whether Plaintiff and members of Class A are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

47.     The questions of fact and law common to Plaintiff and Class B predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of sending and/or causing to be sent to Plaintiff and the members of Class B, by facsimile, computer or other device, fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which contained a purported opt-out notice, substantially similar or identical to one of those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain an opt-out notice at all, violated 47 U.S.C. § 227(b);

(b) Whether Defendants' conduct of sending and/or causing to be sent to Plaintiff and the members of Class B, by facsimile, computer or other device, fax advertisements, which advertised the commercial availability or quality of any property, goods, or services and which contained a purported opt-out notice, substantially similar or identical to one of those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain an opt-out notice at all, was knowing or willful;

(c) Whether Plaintiff and the members of Class B are entitled to statutory damages, triple damages and costs for Defendants' acts and conduct; and

(d) Whether Plaintiff and members of Class B are entitled to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

48.     The questions of fact and law common to Plaintiff and Class C predominate over questions which may affect individual members and include the following:

(a) Whether Defendants' conduct of sending and/or causing to be sent to Plaintiff and the

members of Class C, by facsimile, computer or other device, fax advertisements without Plaintiff's and members of class C's express invitation or permission, which advertised the commercial availability or quality of any property, goods, or services and which contained a purported opt-out notice, substantially similar or identical to one of those contained on the fax advertisements sent to Plaintiff that are attached hereto as Exhibit A or did not contain an opt-out notice at all, violated N.J.S.A. § 56:8-158(a);

(b) Whether Plaintiff and the members of Class C are entitled, pursuant to N.J.S.A. §§ 56:8-159(a), (b), to statutory damages, attorney's fees and costs for Defendants' acts and conduct; and

(c) Whether Plaintiff and members of Class C are entitled, pursuant to N.J.S.A. 56:8-159(b), to a permanent injunction enjoining Defendants from continuing to engage in their unlawful conduct.

49.     Adequacy of Representation:  Plaintiff is an adequate representative of the Classes because Plaintiff's interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes and has no interests antagonistic to the members of the Classes.  Plaintiff has retained counsel who are competent and experienced in litigation in the federal courts, TCPA litigation and class action litigation.

50.     Superiority:  A class action is superior to other available means for the fair and efficient adjudication of the claims of the Classes. While the aggregate damages which may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. As a result, the expense and burden of individual litigation makes it economically infeasible and procedurally impracticable for each

member of the Classes to individually seek redress for the wrongs done to them. Plaintiff does not know of any other litigation concerning this controversy already commenced against Defendant by any member of the Classes. The likelihood of the individual members of the Classes prosecuting separate claims is remote. Individualized litigation would also present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

51.     Injunctive Relief:  Defendants have acted on grounds generally applicable to Plaintiff and members of the Classes, thereby making appropriate final injunctive relief with respect to Plaintiff and the Classes as a whole.

## AS AND FOR A FIRST CAUSE OF ACTION

52.     Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

53.     By Defendants' conduct, described above, Defendants committed thousands of violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class A to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class A were unsolicited and did not contain a notice meeting the requirements of 47 U.S.C. § 227(b)(2)(D) and/or 47 C.F.R. § 64.1200(a)(3)(iii).

## AS AND FOR A SECOND CAUSE OF ACTION

54.     Plaintiff repeats each and every allegation contained in all of the above

paragraphs and incorporates such allegations by reference.

55.     By Defendants' conduct described above, Defendants committed thousands of violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class B to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class B were either unsolicited and did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) and/or  § 227(b)(2)(D), or were solicited and did not contain a notice meeting the requirements of 47 C.F.R. § 64.1200(a)(3)(iii) as required by 47 C.F.R. § 64.1200(a)(3)(iv).

## AS AND FOR A THIRD CAUSE OF ACTION

56.     Plaintiff repeats each and every allegation contained in all of the above paragraphs and incorporates such allegations by reference.

57.     By Defendants' conduct, described above, Defendants committed at least hundreds of violations of N.J.S.A. 56:8-158(a) against Plaintiff and the members of Class C to wit: the fax advertisements Defendants sent and/or caused to be sent to Plaintiff and the members of Class C were unsolicited and did not contain a notice meeting the requirements of N.J.S.A. 56:8-158(b).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the members of the Classes, prays for:

A.     An order certifying the Classes and appointing Plaintiff as the representatives of the Classes and appointing the law firms representing Plaintiff as counsel for the Classes;

B.     An award to Plaintiff and the members of Classes A and B of statutory damages, in excess of $5,000,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), jointly and

severally against Defendants for Defendants' violations of that statute and the regulations thereunder.

C.     If it is found that Defendants willfully and/or knowingly sent and/or caused to be sent fax advertisements to classes A and/or B, an increase by the Court of the award of statutory damages pursuant to 47 U.S.C. § 227(b) prayed for by Plaintiff and the members of Classes A and/or B in the preceding paragraph, to three times that amount described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3), for willful and/or knowing violations. Plaintiff will therefore seek an increase from an award in excess of $5,000,000 for each of classes A and B to an award in excess of $15,000,000 for each of Classes A and B against Defendants jointly and severally.

D.     An award to Plaintiff and the members of Classes C of statutory damages, attorneys' fees and costs, to be determined at trial, pursuant to N.J.S.A. §§ 56:8-159(a),(b), against Defendants, jointly and severally, for Defendants' violations of N.J.S.A. § 56:8-158(a).

E.     An injunction against Defendants, pursuant to 47 U.S.C. § 227(b)(3)(A) and N.J.S.A. 56:8-159(a), prohibiting Defendants from committing further violations of the above-mentioned statutes and regulations; and

F.     Such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Plaintiff demands a trial by jury.

Dated: White Plains, New York
       July 26, 2011

                             Respectfully submitted,

                             BELLIN & ASSOCIATES LLC

A New York Limited Liability Company

By: Aytan Y. Bellin, Esq.
Attorneys for Plaintiff and the Classes
85 Miles Avenue
White Plains, New York 10606
Tel: (914) 358-5345
Fax: (212) 962-2400

Of Counsel:
**SCHLAM STONE & DOLAN LLP**
By: Jeffrey M. Eilender, Esq.
(will be moving for admission *pro hac vice*)
26 Broadway
New York, NY 10004
(212) 344-5400
(212) 344-7677 (fax)