Case 2:11-cv-04287-FSH-PS   Document 43   Filed 06/27/12   Page 1 of 6 PageID: 1048

**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| LANDSMAN & FUNK, P.C., on behalf of itself and all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br>SKINDER-STRAUSS ASSOCIATES,<br>*Defendant*. | Civ. Action No. 08-3610 (KSH)<br><br>**OPINION & ORDER** |
| GOODRICH MANAGEMENT CORP., on behalf of itself and all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br>FLIERWIRE, INC.,<br>*Defendant*. | Civ. Action No. 08-5818 (PSG) |
| GOODRICH MANAGEMENT CORP., on behalf of itself and all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br>AFGO MECHANICAL SERVICES, INC.,<br>*Defendant*. | Civ. Action No. 09-43 (WJM) |
| BAIS YAAKOV OF SPRING VALLEY, on behalf of itself and all others similarly situated,<br><br>*Plaintiffs*,<br>v.<br>PETERSON'S NELNET, LLC,<br>*Defendant*. | Civ. Action No. 11-11 (AET) |

1

| | |
|---|---|
| NICHOLAS FITZGERALD, on behalf of himself and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>BANCO SANTANDER, S.A.,<br><br>   *Defendant.* | Civ. Action No. 11-2769 (WJM) |
| PETER MARC STERN, on behalf of himself and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>ALLIANCE REAL ESTATE GROUP, INC.,<br><br>   *Defendant.* | Civ. Action No. 11-4285 (DMC) |
| NICHOLAS FITZGERALD, on behalf of himself and all others similarly situated,<br><br>   *Plaintiffs*,<br><br>v.<br><br>GANN LAW BOOKS, INC., GANN LEGAL EDUCATION FOUNDATION, INC., and MICHAEL PROTZEL<br><br>   *Defendants.* | Civ. Action No. 11-4287 (FSH) |

**Katharine S. Hayden, U.S.D.J.**

  Gann Law Books, Inc., Gann Legal Education Foundation, Inc., and Michael Protzel (the "Gann defendants") have filed a motion in the captioned case, in which they are not parties. Their motion seeks consolidation of this case with *Fitzgerald v. Gann et al.*, Civ. No. 11-4287 (in which they are parties) along with five other cases currently pending in this district. They argue that consolidation is appropriate so that the Court may address a specific legal issue they

2

claim is "identical and dispositive" in each of the cases. [D.E. 62, Gann Defs.' Br. at 1.] Skinder-Strauss Associates ("Skinder-Strauss"), who are defendants in the captioned case, as well as defendants in two of the other pending cases, have opposed consolidation.

I.   Factual & Procedural Background

This case was filed in 2008 as a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). On June 30, 2009 the Court granted Skinder-Strauss's motion to dismiss finding that New York law applied and New York laws and rules of court prohibited class actions under the TCPA. [D.E. 31, 32.] Plaintiff appealed and the Third Circuit consolidated this case with two other appeals of dismissals of TCPA class actions—*Goodrich Management Corp. v. Afgo Mechanical Services, Inc.,* Civ. No. 09-43, and *Goodrich Management Corp. v. Flierwire Inc.,* Civ. No. 08-5818. [D.E. 42.] The initial panel decision reversed each of the dismissals. [*Id.*] The Third Circuit then granted a rehearing *en banc*, which was later stayed pending the outcome of *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (Jan. 18, 2012). [*See* D.E. 45.]

On April 17, 2012, the Third Circuit vacated the rehearing *en banc*, vacated Part F of the initial panel decision pertaining to this case, and remanded all three cases to the district court with instructions to address a precise question of law. [D.E. 61, Apr. 17, 2012 Remand Order.] Specifically, the Third Circuit's order cited to the private right of action provision of the TCPA and remanded "to the District Court for resolution of the effect that § 227(b)(3)'s 'if otherwise permitted by law or rules of court of a State' language has on such federal TCPA class actions, *i.e.* whether it subjects such actions to state-law limitations that would apply to similar suits filed in state court, and if so which ones." [*Id.*] A briefing schedule was set, and the parties have filed dispositive motion papers addressing the remanded issue. [*See* D.E. 60, 63, 70.]

While this case was up on appeal with *Afgo Mechanical Services, Inc.,* and *Flierwire Inc.*, four additional TCPA class actions were filed in the District of New Jersey: *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC,* Civ. No. 11-11; *Fitzgerald v. Banco Santander, S.A.,* Civ. No. 11-2769; *Stern v. Alliance Real Estate Group, Inc.,* Civ. No. 11-4285; *Fitzgerald v. Gann Law books, Inc., et. Al.,* Civ. No. 11-4287.  The same attorney filed all seven cases.

In response to the Third Circuit's remand order, the Gann defendants wrote to Chief Judge Simandle requesting that the seven cases be consolidated so that one judge could render a single decision addressing the remanded legal issue. [D.E. 50.]  Judge Simandle advised that pursuant to Local Civil Rule 42.1, a motion to consolidate must be filed in the earliest action in which consolidation is sought, which is the captioned case.

II.   Standard of Review

Pursuant to Federal Rule of Civil Procedure 42(a), when actions involving "a common question of law or fact" are pending, the district court "may" consolidate the actions, or "join for hearing or trial any or all matters at issue in the actions," or issue orders that may "avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a).  The moving party bears the burden of demonstrating that consolidation is appropriate. *In re Consol. Parlodel Litig.,* 182 F.R.D. 441, 444 (D.N.J. 1998). "A common question of law or fact shared by all of the cases is a prerequisite for consolidation." *Id.*  But the mere presence of common issues does not require consolidation. *Id. See also Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.,* 149 F.R.D. 65, 81 (D.N.J. 1993).

"Once a common question has been established, the decision to consolidate rests in the sound discretion of the district court." *In re Consol. Parlodel Litig.,* 182 F.R.D. at 444.  "In exercising its discretion, a court should weigh 'the interests of judicial economy against the

4

potential for new delays, expense, confusion, or prejudice.'" *Id*. (citing *Easton & Co. v. Mut. Benefit Life Ins. Co.,* 1992 WL 448794, at *4 (D.N.J. Nov. 4, 1992)).

III.   Analysis

The Gann defendants claim that "consolidation will conserve scarce judicial resources as well as the litigants' resources, avoid the risk of inconsistent conclusions of law, and serve the interest of justice by denying Plaintiffs' counsel seven bites at the apple." [D.E. 62 at 2.] Specifically, they argue that if the district court concludes that state law applies to federal TCPA class actions, "then all of the subject actions will be over as class actions and Plaintiffs in those cases will be left with only individual claims." [*Id.* at 5.] This is an oversimplification.

The question posed by the Third Circuit on remand consists of two parts; (1) whether state laws and court rules apply to federal TCPA class actions, *and* (2) if so, which ones. [D.E. 61, Apr. 17, 2012 Remand Order.]  In this case and *Bais Yaakov of Spring Valley,* the second prong of the remand inquiry requires a choice of law analysis, and the outcome of that analysis could result in dismissal of the actions in their entirety. [*See* D.E. 64 at 2, D.E. 65 at 6.] As a result, the Court must consider and apply different state law in different cases and the parties have filed different types of dispositive motions.  For example, in the captioned case and *Bais Yaakov of Spring Valley* the defendants filed motions to dismiss; whereas, in *Fitzgerald v. Banco Santander*, which does not present a choice of law issue, the defendants filed a motion to deny class certification. [D.E. 65 at 6.]  The choice of law issue and its disparate effect on the procedural postures of the cases militates against consolidation.  *See Ford Motor Credit Co. v. Chiorazzo,* 529 F. Supp. 2d 535, 542 (D.N.J. 2008) (denying consolidation of cases "due to the disparities in their procedural postures and the different legal issues involved.").

5

Further, consolidation may result in undue delay. Three of the seven cases have already been extensively litigated through dispositive motion practice, an appeal, and now a remand while other cases have been stayed in the interim. [*See* D.E. 64 at 2.] The captioned case has been pending for approximately four years while others were filed as recently as last year. [*Id.*] Thus, some of the individual judges have already issued rulings, while others have not. It seems counterintuitive to suggest that the interests of justice will be served by removing a case from a judge that has presided over it for a number of years so that a new judge, unfamiliar with its intricacies, may rule on a specific question of law. Moreover, if the ruling on the remanded issue does not result in a dismissal in every case, the surviving cases will be returned to the original judges for further rulings. Fluctuating between presiding judges does not serve the best interests of the parties and will result in delay in many of these cases. Moreover, such a limited and short-lived consolidation will do little to conserve judicial resources.

Finally, consolidation of all seven cases for the limited purpose of addressing the remanded issue will lead to confusion. There are five different plaintiffs and seven different defendants, and none of the cases involves the same transaction or occurrence. Addressing the arguments of twelve different parties with separate briefings in a single decision could result in issues becoming conflated or ignored. *See Hailey v. City of Camden,* 631 F. Supp. 2d 528, 553 (D.N.J. 2009) ("In the present instance, the risk of confusion, lead[s] this Court to deny Plaintiffs' motion to consolidate.").

Good cause appearing,

IT IS on this 22nd day of June, 2012,

**ORDERED** that the Gann defendants' motion for consolidation [D.E. 62] is **denied.**

/s/ Katharine S. Hayden
Katharine S. Hayden, U.S.D.J.

6