UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NICHOLAS FITZGERALD, on behalf of himself and all others similarly situated, | : | Civil Action No. 11-cv-4287 (KM) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| GANN LAW BOOKS, INC., GANN LEGAL EDUCATION FOUNDATION, INC. and MICHAEL PROTZEL, | : | |
| | : | |
| Defendants. | : | |

**MCNULTY**, District Judge

     This matter comes before the Court upon Defendants' motion to dismiss the Complaint, which is pleaded as a class action. Plaintiff, on behalf of himself and others similarly situated, alleges that Defendants have "caused to be sent thousands of unsolicited fax advertisements for goods and/or services without proper-opt-out notices," in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Complaint, filed July 26, 2011, ECF No. 1 ("Complaint"). The only private cause of action explicitly provided for in TCPA is a state-court right of action, which is available only "if otherwise permitted by the laws or rules of court of a State." 47 U.S.C. § 227(b)(3).[1] And under the "law

---

[1]    (3) Private right of action
    A person or entity may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court of that State--
        (A) an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
        (B) an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
    (C) both such actions.
    If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not

1

or rules" of New Jersey, a TCPA claim cannot be maintained in state court as a class action.[2]

In Defendants' view, a federal-court TCPA class action, no less than a state-court action, must comply with "the laws or rules of court of [this] State." 47 U.S.C. § 227(b)(3). Thus, in their motion to dismiss, Defendants maintain that New Jersey state law also operates to bar a TCPA claim from being maintained as a class action here in federal court. Plaintiff responds that, in federal court, the appropriateness or not of class action treatment is governed solely by Rule 23 of the Federal Rules of Civil Procedure ("Rule 23"). In Plaintiff's view, a state-law prohibition of private TCPA class actions has no force here in federal court.

Judges in this District have had occasion to examine this issue on several occasions.[3] Applying U.S. Supreme Court precedent, those cases have uniformly held that Rule 23, not state law, governs the viability of a class action brought under TCPA in federal court. I agree, and I also reach the same result as to a supplemental claim brought under New Jersey state law. Accordingly, I will deny the Defendants' Motion to Dismiss.

## I.   Factual Background

Gann Law Books, Inc. and its "sister charitable foundation," Gann Legal Education Foundation, Inc. (collectively, with defendant Protzel, "Gann") publish legal treatises, "primarily in areas of New Jersey law," and offer "live and web-based seminars" qualifying for credit under New Jersey's mandatory

---

more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C. § 227(b).

[2]    *See Local Baking Products, Inc. v. Kosher Bagel Munch, Inc.*, 421 N.J. Super. 268, 280-81, 23 A.3d 469, 476-77 (App. Div.) (applying state class action rule, N.J. Ct. R. 4:32-1, to TCPA claim), *certif.denied*, 209 N.J. 96 (2011).

[3]    Seven such cases have been brought in the District of New Jersey by the same counsel who represents Plaintiff in this action. In addition to this case, they are: *Landsman & Funk, P.C. v. Skinder-Strauss Associates,* Civ. No. 08-3610 (Hayden, J.); *Goodrich Management Corp. v. Flierwire Inc.,* Civ. No. 08–5818 (Sheridan, J.); *Goodrich Management Corp. v. Afgo Mechanical Services, Inc.,* Civ. No. 09–43 (Martini, J.); *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC,* Civ. No. 11–11 (Thompson, J.); *Fitzgerald v. Banco Santander, S.A.,* Civ. No. 11–2769 (Martini, J.); *Stern v. Alliance Real Estate Group, Inc.,* Civ. No. 11–4285 (Cavanaugh, J.). The plaintiff in *Banco Santander*, like the plaintiff here, is named Nicholas Fitzgerald and is identified as "a New Jersey Resident who resides and works in Jersey City, NJ."

continuing legal education system. Memorandum of Law in Support of Defendants' Motion to Dismiss Plaintiff's Class Action Claims, July 27, 2012, ECF No. 46-2 (Def. 2nd MTD") at 4. According to Gann, the named plaintiff, Nicholas Fitzgerald, "is one of Gann's long-standing attorney customers," although the Complaint identifies him only as "a New Jersey Resident who resides and works in Jersey City, NJ." Complaint at ¶6.

Fitzgerald specifically identifies six faxed advertisements: one received on February 26, 2009, one on August 14, 2009, three received on August 13, 2009, and one received on April 8, 2011. *Id.* ¶10. He alleges that these faxed advertisements did not contain opt-out notices, or that the notices they did contain were legally defective under TCPA.[4]  In support of his class action allegations, Fitzgerald alleges that for approximately four years, Gann "sent or caused to be sent from New Jersey at least hundreds—if not thousands—of unsolicited facsimile advertisements and/or facsimile advertisements lacking the proper opt-out notices to Plaintiff and the Classes." *Id.* ¶ 20.

## II.   **Procedural History**

Plaintiff Fitzgerald filed his Complaint on July 26, 2011, and the case was assigned to District Judge Hochberg. While this case has been pending, the law has developed quickly.

Gann moved to dismiss the Complaint on September 23, 2011. Defendants' Motion to Dismiss for Lack of Jurisdiction, ECF No. 11 ("Def. 1st MTD"). On December 30, 2011, District Judge Hochberg administratively terminated that first motion to dismiss pending the outcome of two then-pending cases: *Mims v. Arrow Financial Services, LLC,* __ U.S. __, 132 S.Ct. 740, 181 L.Ed.2d 881 (Jan. 18, 2012), and *Landsman & Funk PC v. Skinder-Strauss Associates,* 640 F.3d 72 (3d Cir. 2011), *opinion reinstated in part,* 09-3105, 2012 WL 2052685 (3d Cir. Apr. 17, 2012) ("*Landsman I*").

On July 27, 2012, following the resolution of those two cases, Gann filed a renewed motion to dismiss. *See* Def. 2d MTD.  TCPA's grant of a right of action if "otherwise permitted by the laws or rules of a court of a state," argued Gann, incorporated New Jersey state law that would bar class action

---

4      Plaintiff alleges the following deficiencies in Defendants' "opt-out notices": they "(i) do not provide a domestic contact telephone and facsimile machine number for the recipient to transmit an opt-out request to the sender; (ii) do not state that failure to comply within the shortest reasonable time, as determined by the Federal Communications Commission , with such a request is unlawful; and (iii) do not state that such a request will only be effective if the person making the request does not, subsequent to such request, provide express invitation or permission to the sender, in writing or otherwise, to send such advertisements to such person at his or her telephone facsimile machine." Complaint ¶ 13.

treatment. *Id.* at 2-3. Fitzgerald countered that this interpretation of the TCPA's language "flies directly in the face of the recent decision of the Supreme Court in [*Mims*] that holds that state laws and state rules of court do not apply to private TCPA actions brought in federal courts." Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss Plaintiff's Class Action Claims, August 9, 2012, ECF No. 49 ("Pl. Opp.").

On March 22, 2013, Defendants moved to stay this action pending the outcome of an interlocutory appeal that the defendants had sought in *Bais Yaakov of Spring Valley v. Peterson's Nelnet, LLC,* Civ. 11-00011, 2012 WL 4903269 (D.N.J. Oct. 17, 2012). In *Bais,* District Judge Thompson certified to the Third Circuit the issue of whether state law could bar a federal-court class action under TCPA. *See* Civ. 11-00011, 2013 WL 663301 (D.N.J. Feb. 21, 2013). On May 8, 2013, however, the Court of Appeals denied leave to pursue an interlocutory appeal. ECF No. 69, Ex. A. That rendered Gann's motion to stay this action moot.

Gann's second motion to dismiss remains pending. As is appropriate in the context of a motion to dismiss, Gann does not dispute the factual allegations. Rather, Gann challenges the Plaintiff's legal basis for bringing a federal TCPA class action claim, while reserving its right to "challenge certification of any class under Rule 23 should any such claims remain viable after disposition of the [motion to dismiss]." Def. 2d MTD at n.1.

## III.   Discussion

### A. Federal Rule of Civil Procedure 23 governs the class treatment of Plaintiff's federal TCPA claims

The Supreme Court decisions in *Shady Grove* and *Mims,* as well as the Third Circuit's decision in *Landsman I,* establish that, in federal court, Rule 23, not state law, determines whether a TCPA case may proceed as a class action. Those decisions effectively dictate that Gann's motion to dismiss be denied.

In 2010, the United States Supreme Court decided *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co.,* 559 U.S. 393, 130 S. Ct. 1431 (2010). That diversity case involved state-law claims for unpaid statutory interest. A New York state statute would have barred those claims from being brought as a class action, but plaintiff asserted that they could nevertheless be maintained as a class action in federal court under Rule 23, Fed. R. Civ. P.[5]

---

[5]     Denial of class action status was tantamount to dismissal of the action. The Supreme Court described the district court's ruling, reversed on appeal, as follows:

> The District Court dismissed the suit for lack of jurisdiction. It reasoned that N.Y. Civ. Prac. Law Ann. § 901(b), which precludes a suit to recover a 'penalty' from proceeding as a class action, applies in diversity suits in

*See id.* The Court held that, if the suit met Rule 23's criteria, it could be maintained as a federal-court class action notwithstanding state law:

> Rule 23 provides a one-size-fits-all formula for deciding the class-action question. Because § 901(b) [a New York door-closing statute] attempts to answer the same question—*i.e.,* it states that Shady Grove's suit "may *not* be maintained as a class action" (emphasis added) because of the relief it seeks—it cannot apply in diversity suits unless Rule 23 is ultra vires.

*Id.* at 1437.

In *Landsman I,* the Third Circuit applied *Shady Grove* to a TCPA case. Confusingly, however, it did so in the context of a jurisdictional framework that was later superseded by *Mims, see infra.* To simplify a bit, *Landsman I* held that, although TCPA is a federal statute, it does not support federal-question jurisdiction under 28 U.S.C. § 1331; thus a TCPA action, despite its grounding in federal law, could be maintained in federal court only pursuant to diversity jurisdiction. *See* 28 U.S.C. § 1332.[6] The district court in *Landsman* had concluded that, in such a diversity case, the *Erie* doctrine compelled the federal

---

> federal court, despite Federal Rule of Civil Procedure 23. Concluding that statutory interest is a 'penalty' under New York law, it held that § 901(b) prohibited the proposed class action. And, since Shady Grove conceded that its individual claim (worth roughly $500) fell far short of the amount-in-controversy requirement for individual suits under 28 U.S.C. § 1332(a), the suit did not belong in federal court.

*Shady Grove,* 130 S. Ct. at 1437.

[6]      *Landsman I* followed the holding of an earlier panel decision, *ErieNet, Inc. v. Velocity Net,* 156 F.3d 513 (3d Cir. 1998), which held that Congress did not intend to confer federal-question jurisdiction over a private right of action under TCPA. *Landsman I* stated that, despite some expansive language, *ErieNet* held only that TCPA did not grant federal question jurisdiction, and did not settle any issue relating to diversity or state-court jurisdiction. *See* 640 F.3d at 77-78 and nn. 4-6. *Landsman I* held that TCPA, in granting a state court TCPA cause of action, was not intended to divest the federal courts of diversity jurisdiction over a TCPA cause of action. *See Landsman I,* 640 F.3d at 77-78 and nn. 4-6. Thus *Landsman I* treated the TCPA cause of action as that rare bird: a cause of action under federal law, but one that could be asserted in federal court only pursuant to diversity jurisdiction. Judge McKee's dissenting view, that TCPA supports federal-question jurisdiction, was later embraced by the U.S. Supreme Court in *Mims.* After *Mims,* the Third Circuit vacated its pending order in *Landsman I,* granting *en banc* consideration of the issue of federal jurisdiction over TCPA claims, and reinstated its panel decision "to the extent it is consistent with *Mims." Landsman & Funk PC v. Skinder-Strauss Associates,* 09-3105, 2012 WL 2052685 (3d Cir. Apr. 17, 2012).

court to apply New York's door-closing statute, which bars a TCPA class action. *See generally Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938). That reasoning, said the Third Circuit, went a step too far. Diversity jurisdiction notwithstanding, the cause of action was founded on federal, not state law, and therefore "there was no need for choice-of-law analysis under *Erie*." 640 F.3d at 91.[7] Thus the district court had "erred in finding that New York's § 901(b) applies here to preclude a TCPA action." *Id.* at 92. Instead, Rule 23, Fed. R. Civ. P., would govern the propriety, or not, of class action treatment. Since the requirements of diversity jurisdiction were met, "[t]he only remaining question [was] whether Rule 23 was satisfied." *Id.* [8]

*Landsman I* brought some equilibrium to the law, but it was an uneasy equilibrium. In *Mims v. Arrow Fin. Servs*, 132 S. Ct. 740 (2011), the Supreme Court went a long way toward settling the outstanding issues. *Mims* dealt with the interrelated issues of whether the state-court cause of action granted by TCPA is exclusive, and whether the federal courts possess federal-question jurisdiction over TCPA claims pursuant to 28 U.S.C. § 1331.

The claim in *Mims* that the state court cause of action granted by TCPA is exclusive was by no means frivolous. TCPA provides that a person "may, if otherwise permitted by the laws or rules of court of a State, bring in an appropriate court *of that State* ... an action to recover for actual monetary loss from such a violation, or to receive $500 in damages ...." 47 U.S.C. § 227(b) (emphasis added). *Mims* held that this language was permissive, not exclusive: "Nothing in the text, structure, purpose, or legislative history of the TCPA calls for displacement of the federal-question jurisdiction U.S. district courts ordinarily have under 28 U.S.C. § 1331. In the absence of direction from Congress . . . we apply the familiar default rule: Federal courts have § 1331 jurisdiction over claims that arise under federal law." *Id.* at 748, 753. In so holding, the Supreme Court explicitly abrogated *ErieNet* and similar cases.

---

[7]     "Choice of law" may refer to the choice between federal and state law or the district court's choice between the laws of New Jersey and New York. If *Erie* and its progeny do not require application of state law, then neither is necessary.

[8]     *Landsman I*'s holding as to Rule 23 tended to determine the issue of diversity subject matter jurisdiction as well. The typical individual TCPA claim for $500 in statutory damages comes nowhere near the diversity statute's required amount in controversy of $75,000. *See* 28 U.S.C. § 1332(a). To satisfy diversity requirements, a plaintiff must aggregate many such claims in a class action. *See* 28 U.S.C. § 1332(d)(2) (a diversity-based class action requires 100 claimants, minimal diversity and claims aggregating in excess of $5 million). And unless Rule 23 displaces contrary state law which bars class action treatment, that will not happen.

*Mims's* holding that the federal courts have direct, federal-question jurisdiction over TCPA claims further undercuts the *Erie*[9] concerns expressed (but rejected) in *Landsman I*; it is in diversity cases that such issues regarding the scope of the Federal Rules arise. *See Hanna v. Plumer,* 380 U.S. 460 (1965); Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION 2D § 4510. The settlement of that issue, however, may beg an antecedent question of statutory interpretation: *Erie* aside, does *TCPA itself* command application of state law? *See* 47 U.S.C. § 227(b) (cause of action "if otherwise permitted by the laws or rules of court of a State...."). And if there were such a specific statutory command, would it trump Rule 23 or displace the 1938 Rules Enabling Act, 28 U.S.C. § 2072?

To the extent those questions might remain open, I answer them in the negative. There is no statement in TCPA sufficiently explicit to persuade me that Congress intended to supplant the well-established principle that the Federal Rules of Civil Procedure reign supreme in a federal court action based on federal law. All TCPA actually says on this issue is that a *state court* cause of action must comport with state law. The underlying principle of *Mims* is that TCPA does not limit the availability of remedies in federal court. And *Shady Grove* holds that, even where a federal-court plaintiff asserts a state-law cause of action, Rule 23 may permit class-wide relief where state law would deny it. Put together, these authorities imply that, in a federal-court TCPA case, class action eligibility is governed by Rule 23, not state law.

Post-*Mims* cases in this District are generally in accord. For example, in *Bais Yaakov,* 2012 WL 4903269 at *4, District Judge Thompson concluded:

> In light of *Mims,* a case bolstering the previous *Shady Grove* opinion favoring application of Rule 23 in federal court unless specifically barred by Congress, this Court does not believe it appropriate to interpret the text of § 227(b)(3) as requiring a federal court to follow state law. A growing number of lower courts have also decided likewise. *See, e.g., Hawk Valley, Inc., v. Taylor,* No. 10–CV–00804, 2012 WL 1079965, * 10 (E.D.Pa. March 30, 2012); *American Copper & Brass, Inc. v. Lake City Indust. Prods.,* No. 1:09–CV–1162, 2012 WL 3027953, * 2 (W.D.Mich. July 24, 2012); *Jackson's Five Star Catering v. Beason,* No. 10–10010, 2012 WL 3205526, *4 (E.D.Mich. July 26, 2012); *Bank v. Spark Energy Holdings, LLC,* No. 4:11–CV4082, 2012 WL 4097749, * 2–3 (S.D.

---

9    I use *"Erie"* here in a generic sense to refer to a whole collection of issues involving the relative scope of federal and state law in federal court litigation. Strictly speaking, an issue under, *e.g., Hanna v. Plumer* as to the scope of a federal Rule of Civil Procedure is not analyzed under *Erie*; rather, a court must determine whether the Rule truly conflicts with state law, and if so, give the federal rule precedence.

Tex. Sept 13, 2012); *Bailey v. Domino's Pizza, LLC.*, No. 11–4, 2012 WL 1150882, *3 (E.D.La. Apr.5, 2012). . . . Finding the language of § 227(b)(3) *not* to require the application of state law under current precedent, and indeed, finding persuasive evidence against such application, the Court must deny Defendant's Motion to Dismiss.

*Id.* at *7.

Writing in what she recognized to be "a substantially shifted legal context," District Judge Hayden reversed her earlier decision in *Landsman* and concluded that plaintiff was "not precluded from bringing this class action complaint." *Landsman & Funk, P.C. v. Skinder-Strauss Associates*, Civ. 08-3610 KSH, 2012 WL 6622120 at *1 (D.N.J. Dec. 19, 2012) *reconsideration denied*, Civ. 08-3610 KSH, 2013 WL 466448 (D.N.J. Feb. 8, 2013) ("*Landsman II*"). Citing *Mims* and *Shady Grove*, Judge Hayden denied the defendant's motion to dismiss, reasoning that "the state-law limitations . . . have no application in this federal-question case in federal court. Federal law only applies, and Skinder has not otherwise suggested that the complaint fails to state a claim under federal law." *Id.* at *9. District Judge Martini, too, has held that the court was "not required to—nor should it—forgo the class certification requirements set forth in Federal Rule of Civil Procedure 23 by instead applying New Jersey class action law to Plaintiffs' TCPA class claims brought in federal court." *Goodrich Mgmt. Corp. v. Afgo Mech. Servs., Inc.*, Civ. 09-43 WJM, 2012 WL 6554221 at *3 (D.N.J. Dec. 14, 2012). Those opinions are persuasive, and they are based on appellate case law that controls my decision here.

Gann argues that it is unjust, or at least unseemly, that "a $500 TCPA case can be transformed into a federal question national class action" claiming millions of dollars in damages. It may even be true that this is "an unintended consequence of the statutory language." But that statutory language, as interpreted by the higher courts, leaves me no discretion. "Congress passed [the TCPA] as written, and the federal courts are left with the consequences." *Bank v. Spark Energy Holdings, LLC*, 4:11-cv-4082, 2012 WL 4097749 at *3 (S.D. Tex. Sept. 13, 2012). I hold that Rule 23, not state law, governs the availability of class action treatment of plaintiff's claims under TCPA.

### B. Federal Rule of Civil Procedure 23 governs the class treatment of Plaintiff's state law claims under the NJ Fax Act

One loose end remains. Plaintiff asserts a state-law claim under N.J. Stat. Ann. 56:8-157 *et seq.* (the "NJ Fax Act"). Like TCPA, the NJ Fax Act prohibits transmission of certain unsolicited advertisements. N.J. Stat. Ann. 56:8-158. Like TCPA, it provides for a private right of action, with statutory

damages of $500 per violation. N.J. Stat. Ann. 56:8-159(a).[10] The courts are instructed to "proceed in a summary manner" to adjudicate such claims. N.J. Stat. Ann. 56:8-159(b).

The Complaint seeks class-action treatment of the NJ Fax Act claim on behalf of persons in putative "Class C." (Complaint ¶ 48).  As to this state-law claim, Plaintiff invokes this Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  (Complaint ¶ 4).

It is possible to see the NJ Fax Act class claim as presenting a stronger case for dismissal than the federal TCPA claim. The statutory injunction to proceed "in a summary manner," tends to suggest that a class action was not within the State legislature's contemplation.  And after all, nothing compelled New Jersey to create a substantive right of action at all; does not that greater power include the lesser one of setting the conditions under which plaintiffs may obtain classwide relief?

That argument, however plausible, was substantially cut off by the Supreme Court in *Shady Grove*. The *Shady Grove* plaintiff, too, was asserting a cause of action created by a state statute. And that state, New York, had by statute, N.Y. Civ. Prac. L. R. § 901(b), foreclosed a class action. The United States Supreme Court found it sufficient that the standards of Rule 23, Fed. R. Civ. P., were in direct conflict with those of the New York statute, § 901(b). This

---

[10]
**56:8-159. Action by aggrieved person; damages and other relief**
a. Any person aggrieved by a violation of this act may bring an action in the Superior Court in the county where the transmission was sent or was received, or in which the plaintiff resides, for damages or to enjoin further violations of this act.
b. The court shall proceed in a summary manner and shall, in the event the plaintiff establishes a violation of this act, enter a judgment for the actual damages sustained, or $500 for each violation, whichever amount is greater, together with costs of suit and reasonable attorney's fees.
c. If the plaintiff establishes that the sender was notified by return facsimile or written means of communication to cease and desist transmission of such unsolicited advertisements, the court shall enter a judgment, on account of each subsequent transmission, for actual damages or $ 1,000 for each transmission, whichever amount is greater, together with costs of suit and reasonable attorney's fees, not to exceed $1,000.

N.J. Stat. Ann. § 56:8-159.

valid federal rule, being in conflict with a state one, was deemed to control by virtue of the Rules Enabling Act, 28 U.S.C. § 2072.[11]

To be sure, a federal-question action under TCPA presents the *a fortiori* case. But the state-law scenario, under *Shady Grove,* is *fortis* enough. For the NJ Fax Act claim, as for the TCPA claims, Rule 23 controls the permissibility of class-action treatment. In this respect, too, Gann's motion to dismiss is denied.

## IV. Conclusion

For the reasons discussed herein, Defendants' Motion to Dismiss Plaintiff's Class Action Claims is **DENIED**, and Defendants' Motion to Stay is **DISMISSED AS MOOT**. The parties are directed to contact Magistrate Judge Arleo to confer about a schedule for further proceedings in this case.

An appropriate order follows.

_____
HON. KEVIN MCNULTY
United States District Judge

---

[11]     Justice Stevens, concurring in part and concurring in the judgment, took issue with the plurality's interpretation of the Rules Enabling Act, but ultimately agreed that Rule 23, as opposed to § 901(b), controlled class certification and that its application did not violate the Enabling Act. *See Shady Grove*, 130 S. Ct. at 1451, 1459-60 (writing "[The Rules Enabling Act] requires, *inter alia,* that federal rules "not abridge, enlarge or modify *any* substantive right." 28 U.S.C. § 2072(b) (emphasis added). Unlike Justice SCALIA, I believe that an application of a federal rule that effectively abridges, enlarges, or modifies a state-created right or remedy violates this command," but concluding "we should respect the plain textual reading of § 901(b), a rule in New York's procedural code about when to certify class actions brought under any source of law, and respect Congress' decision that Rule 23 governs class certification in federal courts. In order to displace a federal rule, there must be more than just a possibility that the state rule is different than it appears.").