UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NICHOLAS FITZGERALD, on behalf of himself and all others similarly situated, | : : : : | Civ. No. 11-4287 (KM) (MCA) |
| Plaintiff, | : : | |
| v. | : | ORDER |
| GANN LAW BOOKS, INC., GANN LEGAL EDUCATION FOUNDATION, INC. and MICHAEL PROTZEL, | : : : : | |
| Defendants. | : : | |

**MCNULTY**, District Judge.

**WHEREAS**, the Plaintiff and Defendants have entered into a Settlement Agreement intended to resolve the litigation currently pending in this Court against Defendants arising out of Defendants' alleged violation of (A) the Telephone Consumer Protection Act ("TCPA"), as amended, 47 U.S.C. § 227, as well as related Federal Communications Commission regulations, and (B) N.J.S.A. 56:8-158, *et seq.* as it relates to the sending of unsolicited facsimiles, allegedly violating recipients' privacy rights and unlawfully converting property; and

**WHEREAS**, the Settlement Agreement sets forth the terms and conditions for a proposed settlement and dismissal with prejudice of this action against the Defendants; and

**WHEREAS**, the Court has before it Plaintiff's Motion for Certification of Settlement Class and Preliminary Approval of Class Settlement (Docket No. 82), together with the Settlement Agreement and its attached Exhibits (Docket No. 82-11), Defendants' letter of April 4, 2014 joining in Plaintiff's request for preliminary approval (Docket No. 84); and

**WHEREAS**, the Court is satisfied that the terms and conditions set forth in the Settlement Agreement are the result of good faith, arm's length settlement negotiations before this Court's appointed mediator, between experienced counsel for both Plaintiff and Defendants.

**IT IS on this 25th day of April 2014 ORDERED as follows**:

1. Capitalized terms used in this Order have the meanings ascribed to them in the Settlement Agreement and this Order.

2. The terms of the parties' Settlement Agreement are hereby conditionally approved, subject to further consideration thereof at the Final Approval Hearing provided for below. The Court finds that the Settlement is sufficiently within the range of reasonableness and that notice of the proposed settlement should be given as provided in this Order and the terms of the Settlement Agreement.

3. The Court conditionally certifies the following Settlement Class:

All persons in the United States who, during the period of July 26, 2007 through July 26, 2011 were owners of facsimile numbers to which were sent or caused to be sent one or more facsimile advertisements by Defendants Gann Law Books, Inc. and/or Gann Legal Education Foundation, Inc., their officers, directors, employees, agents, vendors, or contractors.

4. The Court further conditionally finds that Plaintiff Nicholas Fitzgerald is an adequate class representative for the Settlement Class.

5. The Court further conditionally finds that Plaintiff's counsel are adequate to serve as Class Counsel and conditionally appoints the following as counsel for the class:

Bellin & Associates LLC
Aytan Y. Bellin
85 Miles Avenue
White Plains, NY  10606

Schlam Stone & Dolan, LLP
Jeffrey M. Eilender
26 Broadway
New York, NY  10004

6. The Court approves the form of notices attached as Exhibits B and C to the Settlement Agreement and the manner of notice set forth in Section 6 of the Settlement Agreement. *See, e.g., City Select Auto Sales, Inc. v. David Randall Assocs., Inc.*, Civ No. 11-2658, 2014 WL 413533 (D.N.J. Feb. 3, 2014) (Simandle, C.J.). Notices substantially similar to Exhibits B and C shall issue within 21 days from the date of this Order.

7. The manner of notice set forth in Section 6 of the Settlement Agreement and notices in the form of, or substantially similar to, the form of notices attached as Exhibit B and C to the Settlement Agreement are hereby approved and the provisions thereof are hereby incorporated into this Order. Upon entry of this Order, the parties are directed to ensure that the notices are disseminated according to the terms and schedule set forth in Section 6 of the Settlement Agreement. Settlement Class members may request exclusion from the Settlement, object to the Settlement, or file a Claim Form to participate in the Settlement as described in the Settlement Agreement on or before the date ninety (90) days after the date on the Summary Notice. Prior to the Final Approval Hearing, Plaintiff and/or the Claims Administrator shall serve and file a sworn statement attesting to compliance with the provisions of this paragraph.

8. Any person who does not elect to be excluded from the Settlement Class may, but need not, enter an appearance through his, her, or its own attorney. Settlement Class members who do not enter an appearance through their own attorneys will be represented by Class Counsel.

9. The notices to be provided as set forth in the Settlement Agreement are hereby found to be the best practicable means of providing notice under the circumstances and, when completed, shall constitute due and sufficient notice of the proposed Settlement and the Final Approval Hearing to all persons and entities affected by and/or entitled to participate in the Settlement, in full compliance with the notice requirements of Fed. R. Civ. P. 23, due process, the Constitution of the United States, the law of New Jersey and all other applicable laws. The notices are accurate, objective, informative, and provide members of the Settlement Class with all the information necessary to make an informed decision regarding their participation in the Settlement and its fairness.

10. The Plaintiff and his counsel are authorized to retain Tilghman & Co., P.C. to serve as the Claims Administrator in accordance with the terms of the Settlement Agreement and this Order.

11. Any member of the Settlement Class who wishes to be excluded from

the Settlement ("opt out") must send a written opt-out request for exclusion to the Claims Administrator, so that it is received by the Claims Administrator at the address to be provided by the Claims Administrator within ninety (90) days after the date on the Summary Notice. The opt-out shall fully comply with the requirements set forth in the Settlement Agreement and shall include the Settlement Class member's name and the telephone number of the fax machine owned by the Settlement Class member during the Class Period, and shall be postmarked no later than the date twenty-one (21) days prior to Final Approval Hearing. If, however, the Settlement Class member submits a timely Claim Form, the Settlement Class member's opt-out request will be void.

12. Any member of the Settlement Class who does not properly and timely request exclusion shall be bound by all the terms and provisions of the Settlement Agreement, whether or not such person objected to the Settlement and whether or not such person made a claim upon, or participate in, the Cash Fund or the Continuing Legal Education webinars pursuant to the Settlement Agreement. In the event the Court grants final approval of the Settlement, all members of the Settlement Class who do not personally and timely request to be excluded will be enjoined from proceeding against the Defendants for the claims in the Complaint.

13. Any person who does not elect to be excluded from the Settlement may, but need not, submit comments or objections to the proposed Settlement, entry of Final Order and Judgment approving the Settlement, Settlement Class Counsel's application for fees, costs, and reimbursement of expenses, or Class Representative's request for an Incentive Award by serving a written objection.

14. Any individual making an objection ("Objector") must sign the objection personally. To object, a Settlement Class member must file with the Court and serve on counsel for the parties a written statement describing the Settlement Class member's reasons for objection to the Settlement no later than twenty-one (21) days prior to the Final Approval Hearing. No person shall be entitled to be heard at the Final Approval Hearing (whether individually or through separate counsel) or to object to the Settlement, and no written objections or briefs submitted by any person shall be received or considered by the Court at the Final Approval Hearing, unless such written statement of objections and supporting materials are timely filed and served as set forth herein.

15. Any objection must state the Objector's full name and address as well

as the telephone number of the fax machine owned by the Objector during the Class Period.

16. If an Objector intends to appear personally at the Final Approval Hearing, the Objector must include with the objection a notice of the Objector's intent to appear at the hearing. If counsel is appearing on behalf of more than one Settlement Class member, counsel must identify each such Settlement Class member, and each Settlement Class member must have complied with the requirements of this Order and the provisions of the Settlement Agreement.

17. A hearing on Final Approval of the Settlement (the "Final Approval Hearing") is hereby scheduled to be held before this Court on October 16, 2014 at 10:00 a.m. to consider the fairness, reasonableness, and adequacy of the proposed Settlement, the dismissal with prejudice of the Litigation with respect to Defendants herein, and the entry of final judgment in the Litigation.

18. Settlement Class Counsel's application for award of attorney's fees, costs, and reimbursement of expense, and the Settlement Class Representative's application for an Incentive Award shall be heard at the time of the Final Approval Hearing. Any application for an award of such attorney's fees, costs, and reimbursement of expenses, and any application for an Incentive Award shall be filed with the Court on or before the date twenty-eight (28) days prior to the Final Approval Hearing.

19. The date and time for the Final Approval Hearing shall be set forth in the Long Form Notice, but the Final Approval Hearing shall be subject to adjournment by the Court without further notice to the members of the Settlement Class other than that which may be posted by the Court.

20. Only Settlement Class members who have filed and served valid and timely notices of objection shall be entitled to be heard at the Final Approval Hearing. Any Settlement Class member who does not timely file and serve an objection in writing to the Settlement, entry of Final Judgment, or to Settlement Class Counsel's application for fees, costs, and reimbursement of expenses or to the Incentive Award proposed for the Settlement Class Representative, in accordance with the procedure set forth in the Long Form Notice and mandated in this Order, shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise.

21. Each and every time period and provision of the Settlement Agreement shall be deemed incorporated herein as if expressly set forth and shall have the

full force and effect of an Order of this Court; provided, however, that if any provision of this Order conflicts with any term of the Settlement Agreement setting forth timing for an event to occur, the provisions of this Order shall supersede the language of the Settlement Agreement.

22. All reasonable costs incurred in notifying members of the Settlement Class, as well as administering the Settlement Agreement, shall be paid as set forth in the Settlement Agreement.

23. If the Settlement Agreement is terminated or not consummated for any reason whatsoever, the conditional certification of the Settlement Class shall be void and the Defendants, pursuant to the terms of the Settlement Agreement, shall have reserved all of their rights to oppose any and all class certification motions, to contest the adequacy of plaintiff as representative of any putative class, and to contest the adequacy of Plaintiff's counsel as adequate Class Counsel. Additionally, Plaintiff, pursuant to the terms of the Settlement Agreement, reserves all of his rights, including the right to continue with the litigation pending at the time of the settlement should the Settlement Agreement not be consummated.

24. For all the reasons stated in the Plaintiff's Motion for Certification of Settlement Class and Preliminary Approval of Class Settlement, immediately following the entry of this Order, all members of the Settlement Class shall be enjoined pursuant to 28 U.S.C. § 1651(a) from initiating or proceeding with any and all suits, actions, causes of action, claims, or demands in federal or state court based on putative violations of the TCPA or any state or local law (including, statutory, regulatory, and common law) pertaining to receipt of facsimile advertisements, including without limitation all claims that were or could have been asserted in the Litigation within the applicable proposed Class Period. This injunction shall remain in effect through the dismissal of the Litigation, as defined herein.

_____
**Kevin McNulty**
**United States District Judge**