UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NICHOLAS FITZGERALD,** on behalf of himself and all others similarly situated**,**<br><br>                                    Plaintiff,<br><br>                    -v.-<br><br>**GANN LAW BOOKS, INC., GANN LEGAL EDUCATION FOUNDATION, INC. AND MICHAEL PROTZEL,**<br><br>                                    Defendants. | Civil Action<br><br>11-CV-04287 (KM)(MCA) |

**DECLARATION OF AYTAN Y. BELLIN**

I, AYTAN Y. BELLIN, declare:

1.      I am admitted to practice before this Court and am the Managing Attorney of the law firm Bellin & Associates LLC, counsel for Class Plaintiff Nicholas Fitzgerald and the Class in this action. I submit this Declaration in support of Plaintiff's and the Class's Motion for an Order: (1) approving the Class Settlement; (2) approving the Class attorneys' application for fees, costs and expenses, and (3) approving an incentive award for Plaintiff.   I have personal knowledge of the matters set forth in this declaration, and could and would testify competently to their truth and accuracy if called as a witness.

2.      I graduated Yale College, magna cum laude, in 1987. During my three years at Columbia Law School, I earned numerous academic awards and served as an Editor of the Columbia Law Review. I graduated from Columbia Law School with a J.D. in 1991

3.      I have significant experience in all stages of the litigation process, from pleading matters and discovery through trial and appeal. One of the concentrations of my practice is representing plaintiffs in class action litigation involving the Telephone Consumer Protection

1

Act, 47 U.S.C. 227, that is at issue in this case and corresponding state laws. I am currently representing plaintiffs in numerous TCPA class actions throughout the United States. I have been named class counsel or class co-counsel in at least four TCPA class actions and I have litigated numerous individual TCPA cases. In addition, I have substantial experience litigating other types of complex commercial cases in both state and federal courts.

    4.    Plaintiff has been actively involved in this case from its inception. Plaintiff sought out Jeffrey M. Eilender, Esq. of Schlam Stone & Dolan, LLP and me to handle this matter, discussed the facts underlying this case with me, provided me with material supporting Plaintiff's claims in this action, and reviewed and approved the Complaint and Amended Complaint I drafted, and discussed strategy with me.  In addition, Plaintiff was kept informed of settlement negotiations and attended about seven hours of the mediation that ultimately resolved this case.

    5.    Thus far in this action I have discussed the case with Plaintiff, have researched possible claims by Plaintiff and the Classes, drafted the Complaint, drafted memoranda of law, including a memorandum of law against Defendants' first Motion to Dismiss along with Attorney Eilender's firm, participated in a settlement conference with Attorney Eilender and Defendants' Counsel, and have consulted with Attorney Eilender about strategy in this case.  I then participated in the two full days of mediation before (Ret.) Judge Marina Corodemus that resolved this case and worked on the final settlement papers.  I worked on the motion seeking preliminary approval of the class settlement which was unopposed and granted on April 25, 2014.

6. I believe, after extensive negotiations, including information as to their financials which Defendants provided, that Defendants do not have the financial resources to satisfy a damages award that is significantly greater than what has been realized through settlement. I declare under penalty of perjury that the foregoing is true and correct.

7. Through on or about September 17, 2014, I spent 174.5 hours on this matter.

8. My billing rate on this matter is $400, which is my customary rate. This rate is standard for a litigator of my training and experience.

9. Anne Harnes, my senior associate, worked 10.7 hours on the case at a billing rate of $300. Ms. Harnes graduated Fordham University School of law in 1989 and has had several years of experience working on TCPA cases.

10. Attached hereto as Exhibit 1 is a true and correct copy of my firm's contemporaneously created billing records which show that the firm billed 185.2 hours for a total of $73,310.00 in fees.

11. The total amount of expenses and disbursements I have spent on this matter is $169.20. Attached is Exhibit 1 at pages 9-10 is a true and correct copy of the itemized expenses which I incurred on this matter.

12. The Claims Administrator informed me that it received 21 claims forms that are lacking various information that was requested and/or that are ambiguous in their responses such that the Claims Administrator has not deemed them to be valid claims. The Claims Administrator has sent me copies of these forms. Pursuant to Section 8(d) of the Settlement Agreement, we will meet and confer with opposing counsel and decide whether these forms should be deemed valid or if the Claims Administrator should be directed to contact a claimant to request the missing information and/or that an ambiguity be clarified. I anticipate that we will be able to

submit a declaration to the Court explaining how these claims were resolved before the

November 13, 2014 final fairness hearing.


Executed this 18th day of September 2014, in White Plains, New York.

                                                                 /s/ Aytan Y. Bellin
                                                                  AYTAN Y. BELLIN