UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **NICHOLAS FITZGERALD,** on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**GANN LAW BOOKS, GANN LEGAL EDUCATION FOUNDATION, INC.,** and **MICHAEL PROTZEL,**<br><br>Defendants. | Civ. No. 2:11-04287(KM)(SCM)<br><br>**FINAL ORDER AND JUDGMENT** |

**THIS MATTER** having come before the Court for a hearing on November 13, 2014, pursuant to the Order of this Court dated April 25, 2014, as amended by Order dated May 6, 2014 (the "Preliminary Approval Order"), preliminarily approving the settlement set forth in the Settlement Agreement dated March 12, 2014 (the "Settlement Agreement"); and it appearing that proper and adequate notice has been given to the Settlement Class substantially in the form approved by the Court; and the Court having considered all papers filed and proceedings had herein; and good cause appearing for the making and granting of this Final Order and Judgment; on application of the parties for final approval of the Settlement Agreement:

    **IT IS** on this 17th day of December, 2014
    **ORDERED** that

1. Capitalized terms used in this Order have the meanings ascribed to them in the Settlement Agreement and this Final Order and Judgment.
2. This Court has jurisdiction over the subject matter of this Litigation and

over all the parties to this Litigation, including all members of the Settlement Class.

3. Pursuant to FED R. CIV. P. 23, the Court hereby certifies the following Settlement Class:

> All persons in the United States who, during the period of July 26, 2007 through July 26, 2011 were owners of facsimile numbers to which were sent or caused to be sent one or more facsimile advertisements by Defendants Gann Law Books, Inc. and/or Gann Legal Education Foundation, Inc., their officers, directors, employees, agents, vendors, or contractors. Excluded from membership in the Settlement Class are the following: (a) Defendants and their affiliates, including employees and immediate family members; and (b) persons who have validly opted to exclude themselves from the Settlement Class as reflected in Paragraph 7 below.

4. The notice given to the Settlement Class, as set forth in the Preliminary Approval Order, was the best notice practicable under the circumstances and fully satisfied the requirements of FED R. CIV. P. 23, due process of law, and any other applicable law.

5. With respect to the Settlement Class, this Court finds and concludes that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class members in the Litigation is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the class representative are typical of the claims of the Settlement Class; (d) the class representative and his counsel have fairly and adequately represented and protected the interests of all of the Settlement Class members; and (e) a class action is superior to other methods for the fair and efficient adjudication of the matter.

6. The Court does hereby approve the Settlement Agreement and the Settlement set forth therein and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class, and the parties are hereby directed to consummate the Settlement in accordance with the terms of the Settlement Agreement.

7. Ned P. Rogovy has filed a written request to be excluded from the Settlement and has therefore opted out.

8. The Plaintiff and each of the Settlement Class members shall be deemed to have, and by operation of this Final Order and Judgment shall have, fully, finally, and forever released, relinquished and discharged all Released Claims against all Released Defendant Parties as set forth in the Settlement Agreement.

9. All Settlement Class members are forever barred and enjoined, whether acting directly, representatively, derivatively or in any other capacity, from commencing, prosecuting, or participating in (actively or inactively) any action or proceeding in any court or tribunal asserting any of the Released Claims against any of the Released Defendant Parties.

10. The Settlement Class Counsel's application for attorneys' fees, costs, and reimbursement of expenses is granted in the amount of $421,577.00 in attorneys' fees and $15,600.00 for costs and expenses, and shall be paid in accordance with the terms of the Settlement Agreement.

11. Within sixty (60) days of the Effective Date as defined in the Settlement Agreement, Defendants shall deposit the Cash Fund into a qualified settlement fund maintained by the Claims Administrator. Under no circumstances shall Defendants be obligated to pay more than the Cash Fund, as that term is defined in the Settlement Agreement.

12.
    a. Within ninety (90) days of the Effective Date, the Claims Administrator shall effectuate distribution of the Cash Fund to the participating Settlement Class members by mailing checks via first class mail to each participating Settlement Class member who has timely returned a valid Claim Form, in accordance with ¶¶ 10(a) and 10(b) of the Settlement Agreement. Each check shall be in the amount of the respective participating Class Member's claim share, which shall be calculated in accordance with the terms set out in

the Settlement Agreement. If any Settlement Class member fails to cash a settlement check within 180 days after the date on the check, the Claims Administrator may stop payment or decline to honor the check (this limitation will appear on the check), and the Administrator and Defendants shall be released from any obligation to pay monetary relief to such member of the Settlement Class. Any such funds that remain unpaid shall be distributed as the Court shall order.

b. Also within ninety (90) days of the Effective Date, the Claims Administrator shall effectuate distribution of the Net Adjusted Cash Fund, as defined in ¶ 10(c) of the Settlement Agreement. The Claims Administrator shall mail checks via first class mail to each Class member whose claim was deemed valid as provided in ¶ 8(a)(iii) of the Settlement Agreement. Each check shall be in the amount of the respective participating share, as described in ¶ 10(c) of the Settlement Agreement. The Claims Administrator shall make every effort to properly deliver checks to class members. If any Settlement Class member fails to cash a settlement check within 180 days after the date on the check, the Claims Administrator may stop payment or decline to honor the check (this limitation will appear on the check), and the Administrator and Defendants shall be released from any obligation to pay monetary relief to such member of the Settlement Class. Any such funds that remain unpaid shall be distributed as the Court shall order.

13. The Claims Administrator will transmit all valid MCLE Claim Forms to Defendants for purposes of providing MCLE programs to those designated in such Claim Forms. Defendants will cause all persons designated in such Claim Forms to be subscribed to the MCLE programs described in the Settlement Agreement. Confirming emails will be sent

4

using the email addresses provided in the Claim Forms, which emails will confirm the subscription to the MCLE programs and provide instructions regarding the manner in which the programs may be completed online and the manner in which certificates reflecting the MCLE credits earned will be transmitted to each subscriber.

14. An Incentive Award in the amount of $5,000.00 is awarded to Plaintiff Class Representative. The Incentive Award shall be distributed by the Claims Administrator in a separate check mailed at the time of distribution of the Cash Fund, and shall be reported by the Claims Administrator to state and federal taxing authorities as non-wage income on IRS Form 1099.

15. Upon the Effective Date, the Class Representative and every Settlement Class member who did not properly and timely submit a valid opt-out form shall be bound by the Release as defined in the Settlement Agreement, and this Final Order and Judgment will have the force and effect of res judicata as to them.

16. The Settlement is not an admission by Defendants nor is this Final Order and Judgment a finding of the validity of any claims in the Litigation or any wrongdoing by Defendants. Further, the Settlement is not an admission nor is this Final Order and Judgment a finding that the certification of the Settlement Class is proper for any purpose or proceeding other than for purposes of the Settlement. Neither the Settlement Agreement, nor any document, statement, proceeding or conduct related to the Settlement Agreement, nor any reports or accounting of those matters, will be: (i) construed as, offered or admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to Defendants, including, but not limited to, evidence or a presumption, concession, indication or admission by Defendants of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred to or offered in evidence against Defendants, in any further proceeding in the Litigation, or any other civil, criminal, or

administrative action or proceeding except for purposes of effectuating the Settlement. However, the Settlement Agreement may be admitted in evidence and otherwise used in any and all proceedings to enforce any or all terms of the Settlement or in defense of any claims released or barred by the Settlement.

17. The claims alleged in Plaintiff's Complaint filed in the Litigation are hereby dismissed with prejudice and without costs for or against any party except as otherwise provided in this Final Order and Judgment, provided, however, and without affecting the finality of this Final Order and Judgment in any way, this Court retains jurisdiction over the interpretation, implementation, administration, and enforcement of the terms of the Settlement.

18. In the event that the Settlement does not become final in accordance with the terms of the Settlement Agreement, then this Final Order and Judgment shall be rendered null and void to the extent provided by and in accordance with the Settlement Agreement and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Settlement Agreement.

_____
Kevin McNulty
U.S. District Judge